UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIVE DECOLINES,

                              Plaintiff,

        v.                                            9:20-CV-1502
                                                            (MAD/ATB)

D. HOLLENBECK, et al.,

                              Defendants.
_____

APPEARANCES:

CLIVE DECOLINES
17-A-2433
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES
New York State Attorney General           Brenda T Baddam, Esq.
The Capitol                                        Asst. Attorney General
Albany, NY 12224
Attorney for Defendants

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

      Pro se plaintiff Clive Decolines ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis.  Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP Application").  By Decision and Order filed January 7, 2021 (the "January Order"), this Court granted Plaintiff's IFP Application and

reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 7.  On the basis of that review, the Court directed defendants Correction Officers D. Hollenbeck and DA Hallock to respond to Plaintiff's First Amendment retaliation claims and directed defendants Lieutenant JH Anctil, Corrections Officer BJ LaVoie, Corrections Officer KD St. Mary, Hollenbeck, and Hallock to respond to Plaintiff's excessive force claims.  *See* Dkt. No. 7 at 16-17.  On January 7, 2021, summonses were issued to Defendants.  Dkt. No. 8.  On February 23, 2021, the Court received executed acknowledgments of service for each defendant.  Dkt. Nos. 10-14. On March 22, 2021, in lieu of answering the Complaint, Defendants filed a motion for summary judgment.  Dkt. No. 17.

Presently before the Court is Plaintiff's motion for default judgment against Hollenbeck.  Dkt. No. 20.

## II.  ANALYSIS

Plaintiff claims that Hollenbeck was served with the summons and complaint, but did not timely answer or "take[] other actions as may be permitted by law."  Dkt. No. 20 at 2.

"Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend:  first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b) "provides that when a party moves for

judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)).  "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448 (TJM/DEP), 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted).  More specifically, in order to grant a plaintiff's motion for default judgment, the plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id*. (citing Fed. R. Civ. P. 55(b)(2); N.Y.N.D. L.R. 55.1 and 55.2) (other citation omitted).

> The Local Rules of the Northern District provide as follows:
>
>> A party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

N.D.N.Y. L.R. 55.1.  Thus, in order to obtain an entry of default under Fed. R. Civ. P. 55(a) and this District's Local Rules, plaintiff must show that the defendant was properly served with process.  *See id.; see also Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (holding that default cannot be entered if service of process was insufficient).

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of the district court because it is in the best position to assess the circumstances of the case and to evaluate the good faith of the parties."  *Shah v. New York State Dep't Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (citation omitted).  There is a "strong preference for resolving disputes on the merits."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

As an initial matter, Plaintiff's failure to request an entry of default by the Clerk of the Court in accordance with Rule 55(a) of the Federal Rules of Civil Procedure prior to filing his motion for entry of a default judgment requires that his motion be denied.  *See American Alliance Ins. Co., Ltd. v. Eagle In. So.*, 92 F.3d 57, 59 (2nd Cir. 1996).  Moreover, upon review of the docket it is clear that defendant Hollenbeck is not in default but, rather, is a moving party on the pending motion for summary judgment.  *See* Dkt. No. 17 (Notice of Motion) at 1 ("defendants D. Hollenbeck, DA Hallock, JH Anctil, BJ Alvoie, and KD St. Mary [. . . ] will move pursuant to Federal Rule of Civil Procedure 56(a) for an order granting Defendants summary judgment[.]"); *see also* Dkt. No. 17-1 at 3 ("As this motion is filed in lieu of an answer, Defendants respectfully request that the Court exercise its broad discretion to order a stay of their time to answer the Complaint until 14 days after a final determination is issued with respect to this motion in the event that the action survives.").

Accordingly, Plaintiff's motion requesting default judgment against Hollenbeck is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

4

**ORDERED** that Plaintiff's motion for a default judgment (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED**.

Dated: April 12, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge