UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLIVE DECOLINES,

                                **Plaintiff,**

   vs.                                                    9:20-CV-1502
                                                                        (MAD/ATB)

D. HOLLENBECK, et al.,

                                **Defendants.**
_____

APPEARANCES:                                   OF COUNSEL:

CLIVE DECOLINES
17-A-2433
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff, *pro se*

OFFICE OF THE NEW YORK             BRENDA T. BADDAM, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     Plaintiff Clive Decolines ("Plaintiff") commenced this action *pro se* on December 7, 2020,

against Defendants D. Hollenbeck, DA Hallock, JH Anctil, BJ LaVoie, and KD St. Mary

("Defendants"), asserting claims arising out of his confinement in Upstate Correctional Facility.

*See* Dkt. No. 1. After an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, *see*

Dkt. No. 7, and a so-ordered voluntary discontinuance, *see* Dkt. No. 39, Plaintiff's only surviving

claims are Eighth Amendment excessive force claims against Defendants. On July 5, 2022,

1

Defendants filed a motion for summary judgment arguing that (1) Defendants should be allowed to file successive motions for summary judgment based on a failure to exhaust administrative remedies, (2) Plaintiff failed to exhaust his administrative remedies, and (3) Plaintiff's claims against Defendants Anctil and Hallock should be dismissed because they were not personally involved in the alleged constitutional violation. *See* Dkt. No. 41-1. Magistrate Judge Baxter issued a Report-Recommendation on January 13, 2023, recommending that Defendants' motion for summary judgment be granted. *See* Dkt. No. 45.

"[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). However, "it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion." *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004) (citation omitted). As such, Second Circuit "precedent [dictates] that a successive motion for summary judgment may not be presented absent some change in circumstances that would warrant such a successive pleading, apart from merely failing to include certain arguments in the initial motion." *Johnson v. Gagnon*, No. 9:14-CV-916, 2016 WL 5408161, *4 (N.D.N.Y. Sept. 28, 2016).

Here, Defendants contend that "[t]he arguments contained within this motion could not have been raised in Plaintiff's first motion for summary judgment and only became apparent after Plaintiff's disclosure during his deposition." *See* Dkt. No. 41-1 at 9-10. As discussed below, the record now contains inconsistencies in Plaintiff's statements, including admitting to fabricating allegations. As such, the Court finds good cause to entertain this successive motion.

Plaintiff has not filed objections to the Report-Recommendation. When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von*

*Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Further, "[i]f the party opposing summary judgment is proceeding *pro se*, the court must read his opposition papers 'liberally and interpret them to raise the strongest arguments that they suggest.'" *Rodriguez v. C.O. Reppert*, No. 14-CV-671, 2016 WL 11483439, *2 (W.D.N.Y. Sept. 28, 2016) (quoting *Morrison v. Parmele*, 892 F. Supp. 2d 485, 487 (W.D.N.Y. 2012)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Govan*, 289 F. Supp. 2d at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a pro se party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Court does not discern any clear error in the Report-Recommendation. Magistrate Judge Baxter correctly concluded that Plaintiff failed to exhaust administrative remedies that were available to him because Plaintiff's inconsistent—and sometimes admittedly false—allegations of unavailability and his reliance solely on his own testimony failed to raise a genuine issue of

material fact sufficient to defeat Defendants' motion for summary judgment. *See Osborn v. Harris*, No. 9:20-CV-673, 2022 WL 4124423, *9 n.14 (N.D.N.Y. Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 4120257 (N.D.N.Y. Sept. 9, 2022).[1]

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 45) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**IT IS SO ORDERED.**

Dated: March 14, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Magistrate Judge Baxter correctly determined that the excessive force claims against Defendants Anctil and Hallock are also subject to dismissal because of their lack of personal involvement in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983"); *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Coleman v. Hauck,* No. 09–CV–1391, 2012 WL 4480684, *9 (N.D.N.Y. Sept. 26, 2012). The unopposed evidence demonstrates Defendant Anctil was not at the prison during the alleged violations. *See* Dkt. No. 45 at 16; Dkt. No. 41-7 at 17. Similarly, Plaintiff did not address evidence that supports Defendant Hallock not being present during the incidents. *See* Dkt. No. 41-5 at 10-14.